PAUL T. GISELBACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giselbach v. Commissioner
Docket No. 12478-83
United States Tax Court
T.C. Memo 1985-136; 1985 Tax Ct. Memo LEXIS 503; 49 T.C.M. (CCH) 1020; T.C.M. (RIA) 85136; March 25, 1985. Paul T. Giselbach, pro se. Steven K. Dick, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Taxable Year
Deficiency
§ 6651(a)(1)
§ 6653(a)
§ 6654 [1]
1979
$7,577.55
$676.64
$378.88
$61.73
1980
6,878.45
1,377.92
343.92
330.16
The issues for decision are: (1) whether the compensation petitioner received for services during the years at issue is income; (2) whether petitioner is liable for an addition to tax under section 6651(a) for failure to file *505 Federal income tax returns for 1979 and 1980; (3) whether petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations for 1979 and 1980; (4) whether petitioner is liable for an addition to the tax under section 6654 for underpayment of estimated taxes for 1979 and 1980; and (5) whether petitioner's proceeding before this Court was instituted or maintained primarily for delay, or that petitioner's position herein is frivolous or groundless. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Elwood, Indiana, at the time of the filing of the petition herein. During 1979 and 1980, petitioner was employed by Chrysler Corporation and received wages in the amounts of $24,550.79 and $24,516.07, respectively. In addition, during 1979, petitioner received compensation in the amount of $190.00 from Chrysler Corporation, U.A.W. Sub Fund. For 1979 and 1980, $4,848.00 and $1,366.79, respectively, in taxes were withheld from petitioner's wages from Chrysler Corporation, and for 1979, $23.00 in taxes was *506 withheld from petitioner's wages from Chrysler Corporation, U.A.W. Sub Fund. During 1979 nd 1980, petitioner received interest income in the amounts of $54.00 and $41.00, respectively. Petitioner received unemployment compensation from the Indiana Employment Security Division in the amounts of $99.00 and $401.00 for 1979 and 1980, respectively. Throughout the years at issue, petitioner was married and was living with his spouse. Petitioner's spouse timely filed a U.S. Individual Income Tax Return (Form 1040) for 1979 as a married individual filing a separate return. Petitioner's spouse claimed itemized deductions on the return. Petitioner did not, within the time prescribed by law, file returns for 1979 and 1980. This proceeding was commenced by the filing of a petition on May 24, 1983. OPINION In contesting the deficiencies determined by respondent, petitioner argues that because the compensation received from Chrysler Corporation was a "quid pro quo" exchange for services rendered, the wages he received were not income. Petitioner further asserts that wages for labor performed are not income because wages are not "gains derived from capital, labor, or from both combined *507 * * *." . Petitioner maintains that wages are derived from an equal exchange of labor for property, a transaction in which no gain is realized. Petitioner's position flies in face of the express language of section 61(a)(1) which provides that "gross income means all income from whatever source derived, including * * * * [c]ompensation for services * * *." Indeed, petitioner's argument has been categorically refuted in every instance in which it has been raised. E.g., , affg. a Memorandum Opinion of this Court; ; ; , affd. . That wages are income is as clear a rule as exists in the tax law today. Respondent's determination that petitioner's wages are taxable under section 61 is therefore sustained. Petitioner, in addition to wages, received interest income and unemployment compensation during the years at issue, all of which *508 respondent has determined was taxable income to him. Petitioner introduced no evidence to refute the fact that the amounts determined by respondent were received by him during 1979 and 1980. Indeed, the only argument advanced by petitioner to rebut the respondent's determination is an allegation in the petition that he is not a person subject to the provisions of the Internal Revenue Code. That allegation is wholly without merit. See section 6012(a)(1)(A). Respondent further determined that petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654. The addition to tax under section 6651(a)(1) applies where a taxpayer fails to file the return required by law. The failure to file is, however, excused where the petitioner shows that such failure is due to reasonable cause and not willful neglect. Petitioner did not file a return for either 1979 or 1980.Petitioner did not make any showing that his failure to comply with his statutory duty was due to reasonable cause rather than willful neglect. Accordingly, we hold that petitioner is liable for the full 25% addition to tax as determined under section 6651(a)(1). Section 6653(a) authorizes a 5 percent *509 addition to tax for an underpayment which is due to negligence or intentional disregard of rules and regulations. Petitioner has alleged no facts, and has offered no evidence, showing that respondent erred in determining that petitioner is liable for the addition to tax under this section. Respondent's determination is therefore sustained on this issue. Section 6654 imposes an addition to the tax of any taxpayer who underpays his estimated tax. Exceptions to the addition to tax are provided in section 6654(d). Petitioner has not alleged any facts, and has not offered any evidence, showing that any of these exceptions apply. Accordingly, respondent's determination that petitioner is liable for the addition to tax provided under section 6654 is sustained. Respondent in his answer has requested an award of damages under section 6673. Section 6673, as amended for proceedings commenced in this Court after December 31, 1982, a pending as of November 15, 1984, if begun prior to December 31, 1982, provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position *510 in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Throughout the pre-trial proceedings and the trial of this case, petitioner was advised that his position that wages were not taxable income was wholly without merit. Before trial, petitioner was twice advised by letters from respondent that if he persisted in relying on this position in this proceeding respondent would seek damages authorized under section 6673. During the trial, petitioner was advised by this court that his position was both frivolous and groundless, and that his persistence in advancing the argument could subject him to damages under section 6673. Petitioner was thus fully informed of the consequences of using this forum to advance his personal political and economic theories which have no relation to the law. Howsoever sincere petitioner may be in his beliefs, petitioner must bear the consequences of his actions, which *511 in this case have forced the government (and therefore all taxpayers) to incur the entirely unwarranted expense of litigating a frivolous suit. We hold, therefore, that damages in favor of respondent be awarded to the United States in the amount of $2,000.00. Accordingly, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years in issue.↩